IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

BYRON WILLIAMS,

    Plaintiff,

v.                                                                           No. 06-2777

MARK LUTTRELL, in his capacity
as Sheriff of Shelby County; SHELBY
COUNTY SHERIFF'S OFFICE; and
SHELBY COUNTY GOVERNMENT,

    Defendants.
_____

ORDER GRANTING MOTION TO DISMISS OF DEFENDANTS MARK LUTTRELL AND
SHELBY COUNTY SHERIFF'S OFFICE
_____

The Plaintiff, Byron Williams, brought this action against the Defendants, Mark Luttrell, Shelby County Sheriff's Office ("Sheriff's Office") and Shelby County Government ("Shelby County"), alleging violations of the First and Fourteenth Amendments to the United States Constitution and the Family Medical Leave Act ("FMLA"). Before the Court is the motion of Defendants Luttrell and the Sheriff's Office to dismiss or in the alternative for summary judgment. The Plaintiff has responded, and this motion is now appropriate for disposition. For the reasons set forth below, the motion to dismiss is GRANTED.

BACKGROUND

The Plaintiff has alleged the following in his complaint. He was a deputy jailer employed by the Shelby County Sheriff's Department until December 11, 2005, when he was constructively discharged. (Compl. ¶ 2). Williams was also the former president of the American Federation of

State, County and Municipal Employees, Local 1733. (Compl. ¶ 5). The Plaintiff, who had filed two previous civil rights lawsuits against the county stemming from his work as president of Local 1733, claims he was discharged based upon his employer's creating an intolerable and hostile work environment which forced him to resign. (Compl. ¶¶ 6-15).

## STANDARD OF REVIEW

Rule 12(b)(6) permits dismissal of a lawsuit for failure to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6). The Rule requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998). "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). However, "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003).

## ANALYSIS

Defendant Luttrell contends that a lawsuit against him in his official capacity is the same action as Williams' claims against Shelby County. Shelby County Sheriff's Office asserts that it is not a cognizable legal entity subject to suit under 42 U.S.C. § 1983.

I.  Federal Claims.

    A.  Section 1983 Generally.

Section 1983 imposes liability on any "person who, under color of any statute, ordinance,

regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. In order to prevail on such a claim, a section 1983 plaintiff must establish "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." Wittstock, 330 F.3d at 902. "Section 1983 is not the source of any substantive right, but merely provides a method for vindicating federal rights elsewhere conferred." Humes v. Gilless, 154 F. Supp. 2d 1353, 1357 (W.D. Tenn. 2001). "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986).

    B.    Official Capacity

Suits against public officers in their official capacity "are an alternative way of pleading an action against the entity for which the officers are employed." Dudley v. Eden, 49 F. Supp. 2d 581, 589 n.5 (N.D. Ohio 1999) (citing Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099 (1985)). The Plaintiff's action against Sheriff Luttrell in his official capacity is included within his claims against Shelby County. Id. Thus, the official capacity claims against this Defendant are DISMISSED.

    C.    Municipal Subdivisions

"A [county sheriff's] department is not a legal entity separate from its parent [county]." Damron v. Pfannes, 785 F. Supp. 644, 646 (E.D. Mich 1992) (citing Waller v. Butkovich, 584 F. Supp. 909, 925 (M.D.N.C. 1984); Williams v. Baxter, 536 F. Supp. 13, 16 (E.D. Tenn. 1981); Hilliard v. New Jersey Army Nat'l Guard, 527 F. Supp. 405, 408 (D.N.J. 1981); Moomey v. City

of Holland, 490 F. Supp. 188, 190 (W.D. Mich.1980)). Because it is redundant to name a sheriff's department and the parent county, the Plaintiff's suit against the Shelby County Sheriff's Office is DISMISSED.  Id.

For the foregoing reasons, the motions to dismiss of Sheriff Luttrell and the Shelby County Sheriff's Office are GRANTED.

IT IS SO ORDERED this 1st day of August, 2007.

                                                     s/ J. DANIEL BREEN
                                                   UNITED STATES DISTRICT JUDGE